[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14952
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cr-00014-HLM-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE TRANSITO RAMIREZ-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 1, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jose Ramirez-Gonzalez appeals his sentence of 72 months of imprisonment

following his plea of guilty to reentering the United States illegally after

deportation.  8 U.S.C. § 1326(a), (b)(2).  Ramirez-Gonzalez argues that his sentence is unreasonable.  We affirm.

The district court did not abuse its discretion.  In response to Ramirez-Gonzalez's argument that his criminal history category overrepresented the seriousness of his prior convictions, the district court found that many of Ramirez-Gonzalez's convictions were traffic-related and reduced Ramirez-Gonzalez's criminal history from category VI to category V.  Ramirez-Gonzalez sought a sentence at the low end of his revised advisory guideline range of 70 to 87 months, but the district court reasonably determined that a sentence of 72 months would best address the nature and circumstances of Ramirez-Gonzalez's offense and his history and characteristics, provide adequate punishment, and encourage respect for the law.  18 U.S.C. § 3553(a).  Ramirez-Gonzalez had been a lawful permanent resident of the United States until he was convicted in a Georgia court of aggravated assault, battery, cruelty to children, making terroristic threats, criminal trespass, hindering law enforcement, and several traffic offenses and deported in 2010.  And he had an extensive criminal history that included possession of marijuana, theft by shoplifting, driving under the influence, and giving false information to law enforcement.  Ramirez-Gonzalez's sentence, which is well below his maximum statutory sentence of 20 years of imprisonment, is reasonable.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

2

We **AFFIRM** Ramirez-Gonzalez's sentence.